IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00270-LTB

FRANKIE MCCONNELL, also known as
FRANKIE L. MCCONNELL,

    Plaintiff,

v.

MICHELLE ABEYTA,
JOHN SCOLERI, and
LAURIE TOFOYA,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

    Plaintiff, Frankie McConnell, currently resides at the Arapahoe County Residential Center in Littleton, Colorado. She filed *pro se* on April 2, 2013, a motion for reconsideration (ECF No. 8) in which she asks the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on March 18, 2013. She also asks for the "removal" of the undersigned judge from her cases. ECF No. 8 at 2. The Court must construe the motion for reconsideration liberally because Ms. McConnell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider, including a request for removal which the Court has treated as a motion to recuse, and will be denied.

    In the recusal petition, Ms. McConnell contends that "I feel [Senior Judge Babcock] not conside [sic] the evident [sic] and also he is prejudice [sic] opinion made

without adequate basis damage judegment [sic]." ECF No. 8 at 2. Ms. McConnell fails to specify whether she seeks the Court's recusal pursuant to 28 U.S.C. § 455 and 28 U.S.C. § 144.

Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based on personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit a timely and sufficient affidavit of personal bias and prejudice. *See Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). Rumor, speculation, opinions and the like do not suffice. *Id.* "The affidavit must state with required particularity the identifying facts of time, place, persons, occasion, and circumstances." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987). Although the Court must accept the facts alleged in a proper supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See Glass v. Pfeffer*, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992).

Here, Ms. McConnell has failed to satisfy the procedural requirements of § 144 in at least two crucial ways. First, she has failed to file a supporting affidavit that is either sworn to or affirmed. *United States v. Peltier*, 553 F. Supp. 886, 890 n.10 (D. N.D. 1982); *In re Beecher*, 50 F. Supp. 530, 531 (E.D. Wash. 1943). In addition, there is no "certificate of counsel of record stating that [the supporting affidavit] is made in good faith." 28 U.S.C. § 144. As the court noted in *Williams v. New York City Housing Authority*, 287 F. Supp. 2d 247, 249 (S.D.N.Y. 2003):

> A pro se party cannot supply a certificate of counsel. For this reason, at least one court has concluded that a pro se plaintiff cannot bring an affidavit under 28 U.S.C. § 144. See *Robinson v. Gregory*, 929 F. Supp. 334, 337-38 (S.D. Ind. 1996). The court in *Robinson* noted that not only are the requirements of Section 144 strictly enforced, but the requirement for a certificate of counsel of record prevents abuse of the section's procedures. . . . In addition, the court stated that parties proceeding pro se have other mechanisms available to them to guard against biased or prejudiced judges. *Id.* (noting that 28 U.S.C. § 455 provides an equally applicable means of protest for pro se litigants). [Plaintiff's] affidavit, which is submitted pro se and without a certificate of counsel of record, fails on this threshold matter.

*Accord Glass*, 849 F. 2d at 1267 (holding that "§ 144 requires an affidavit of bias and prejudice, which must be timely, sufficient, made by a party, and accompanied by a certificate of good faith of counsel").

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Pursuant to § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass*, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Ms. McConnell's request for the Court's recusal is insufficient because it fails to show personal bias or prejudice. Instead, she bases the recusal petition on a

misinterpretation or false speculation. The recusal petition fails to make any argument that would demonstrate an appearance of partiality. In addition, the fact that Ms. McConnell disagrees with aspects of the Court's dismissal order of March 18, 2013, is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a) because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Therefore, the April 2 motion is denied to the extent Ms. McConnell seeks the Court's recusal.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Ms. McConnell's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir.

2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id.*

The Court dismissed the instant action without prejudice pursuant to Fed. R. Civ. 41(b) for Ms. McConnell's failure to file a non-deficient Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and comply with the directives of the order to cure of February 20, 2013. The March 18 dismissal order discusses in greater detail the reasons for the dismissal.

After considering the motion and the entire file, the Court finds that Ms. McConnell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. In fact, Ms. McConnell fails to address the reasons for the dismissal at all. The motion for reconsideration does not alter the Court's conclusion that this action properly was dismissed. Therefore, the motion to reconsider will be denied.

Accordingly, it is

ORDERED that the motion to reconsider (ECF No. 8), including a request for removal which the Court has treated as a motion to recuse, that Plaintiff, Frankie McConnell, filed *pro se* on April 2, 2013, is denied.

DATED at Denver, Colorado, this __9th__ day of ___April___, 2013.

BY THE COURT:


    __s/Lewis T. Babcock__
    LEWIS T. BABCOCK, Senior Judge
    United States District Court